

FILED

OCT 10 2018

JUDGE JOHN ROBERT BLAKEY
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

SIR CHARLES BLAND

No. 17 CR 173-8

Judge John Robert Blakey

### PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant SIR CHARLES BLAND, and his attorneys, JOSH FRIEDMAN and JEFFREY GRANICH, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The indictment in this case charges defendant with distribution of heroin, in violation of Title 21, United States Code, Section 841(a)(1) (Counts Ten and Sixteen), use of a communication facility to facilitate the distribution of heroin, in violation of Title 21, United States Code, Section 843(b) (Count Twelve), and distribution of heroin and 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Count Nineteen).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorneys.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Nineteen, which charges defendant with distribution of a quantity of heroin and distribution of 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Nineteen of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about September 26, 2016, at Chicago, in the Northern District of Illinois, Eastern Division, defendant SIR CHARLES BLAND, also known as "Cuzzo" and "Cuz," knowingly and intentionally distributed a controlled substance, namely, a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

Specifically, on or about September 25 and 26, 2016, defendant exchanged text messages and phone calls with co-defendant Anthony Williams, during which defendant agreed to supply co-defendant Anthony Williams and Tyrone Hunter with

2

approximately 30 grams of heroin and half of a kilogram of cocaine. On September 26, 2016, defendant met Anthony Williams and Tyrone Hunter near Harrison and Campbell streets in Chicago and provided them with the requested heroin and cocaine. Defendant acknowledges that this heroin and cocaine was subsequently seized by law enforcement and determined by forensic chemical analysis to consist of approximately 31 grams of heroin mixed with fentanyl and approximately 530 grams of cocaine.

In addition to selling heroin and cocaine to Anthony Williams and Tyrone Hunter on September 26, 2016, defendant supplied narcotics to Anthony Williams and Tyrone Hunter on the following occasions: on July 29, 2016, defendant supplied Anthony Williams and Tyrone Hunter with approximately 50 grams of heroin and approximately 500 grams of cocaine near 5525 West Van Buren in Chicago; and on September 7, 2016, defendant supplied Anthony Williams and Tyrone Hunter with a quantity of heroin near 4751 West Harrison Street in Chicago.

Defendant acknowledges that, in total, he distributed at least 31 grams of fentanyl, 50 grams of heroin, and 1,030 grams of cocaine.

### **Maximum Statutory Penalties**

7.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.      A maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense.

3

This offense also carries a maximum fine of $5,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least four years, and up to any number of years, including life.

      b.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

      8.     Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

      9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a.    **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2016 Guidelines Manual.

    b.    **Offense Level Calculations**.

        i.    The base offense level is 24, pursuant to Guideline §§ 2D1.1(a)(5) and 2D1.1(c)(8), because the total quantity of narcotics, after being converted to marihuana, is at least 100 kilograms but less than 400 kilograms. Pursuant to Application Note 8(D), 31 grams of fentanyl is equal to 77.5 kilograms of marihuana, 50 grams of heroin is equal to 50 kilograms of marihuana, and 1,030 grams of cocaine is equal to 206 kilograms of marihuana. The total quantity of narcotics is thus equal to 333.5 kilograms of marihuana.

        ii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

   iii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

   c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal six and defendant's criminal history category is III:

   i. On or about March 9, 2000, defendant was sentenced to a fine as a result of his conviction in the Circuit Court of DuPage County, Illinois, for disorderly conduct. Pursuant to Guideline § 4A1.2(c)(1), defendant receives zero criminal history points for this conviction.

   ii. On or about August 25, 2000, defendant was sentenced to six months' supervision as a result of his conviction in the Circuit Court of Cook County, Illinois, for theft and driving while his license was suspended. Pursuant to Guideline § 4A1.2(e)(3), defendant receives zero criminal history points for this conviction.

   iii. On or about March 19, 2002, defendant was sentenced to six months' supervision as a result of his conviction in the Circuit Court of Cook

County, Illinois for possession of cannabis. Pursuant to Guideline § 4A1.2(e)(3), defendant receives zero criminal history points for this conviction.

   iv.  On or about July 16, 2003, defendant was sentenced to 12 months' conditional discharge as a result of his conviction in the Circuit Court of Cook County, Illinois, for manufacture/delivery of cannabis. Pursuant to Guideline § 4A1.2(e)(3), defendant receives zero criminal history points for this conviction.

   v.  On or about March 21, 2008, defendant was sentenced to supervision as a result of his conviction in the Circuit Court of Cook County, Illinois, for driving under the influence, illegal use of a mobile phone, and driving while his license was suspended. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

   vi.  On or about February 10, 2009, defendant was sentenced to one day in jail and six months' conditional discharge as a result of his conviction in the Circuit Court of Cook County, Illinois, for criminal trespass to a vehicle and operating an uninsured motor vehicle. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

   vii.  On or about March 25, 2011, defendant was sentenced to three months' supervision as a result of his conviction in the Circuit Court of Cook County, Illinois, for operating an uninsured motor vehicle. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

   viii.  On or about December 22, 2011, defendant was sentenced to supervision as a result of his conviction in the Circuit Court of DuPage County,

Illinois, for possession of cannabis. Pursuant to Guideline § 4A1.1(c), defendant receives one criminal history point for this conviction.

ix.     On or about September 15, 2016, defendant was sentenced to one year conditional discharge as a result of his conviction in the Circuit Court of Cook County, Illinois, for driving under the influence. Pursuant to Guideline § 4A1.1(c), defendant receives zero criminal history points for this conviction.

x.     Pursuant to Guideline § 4A1.1(d), defendant receives two criminal history points because he committed the instant offense while on conditional discharge.

d.     **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 21, which, when combined with the anticipated criminal history category of III, results in an anticipated advisory sentencing guidelines range of 46 to 57 months' imprisonment, in addition to any supervised release and fine the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment. Thus, pursuant to Guideline § 5G1.1(b), the applicable guideline sentence is 60 months' imprisonment.

e.     Defendant and his attorneys and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case.

Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11.     Both parties agree to recommend that the Court impose a sentence within the Guideline range.

12.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does

not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

15.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 17 CR 173.

16.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

17.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

      a.    **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

      i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorneys would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

11

       iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

       v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorneys would be able to cross-examine them.

       vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

       vii.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

       b.      **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

18.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorneys have explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

19.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

20.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

13

21.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

22.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

24.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

14

25.    Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26.    Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

27.    Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

28.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorneys. Defendant further acknowledges that he

15

understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____10/10/18_____

JOHN R. LAUSCH, JR.
United States Attorney

SIR CHARLES BLAND
Defendant

JORDAN M. MATTHEWS
NANI M. GILKERSON
Assistant U.S. Attorney

JOSH FRIEDMAN
JEFFREY GRANICH
Attorney for Defendant

16